JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Saloum, Ibrahim

## DEFENDANTS
Gree USA, Inc., 3. Gree Electric Appliances, Inc. of Zhuhai, Gree USA Sales, Ltd., and Hong Kong Gree Electric Appliances Sales Co.

(b) County of Residence of First Listed Plaintiff: Lehigh County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Los Angeles County, CA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Shane Fulton, Esq. & John Popilock, Esq.
Law Offices of Robert A. Stutman, P.C., 500 Office Center Drive, Suite 301, Fort Washington, PA, 19034 Phone: 215-283-1177

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☒ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
73 P.S. § 201-1, et seq.; 15 U.S.C.A. § 2051, et seq.; 42 Pa. U.S.C. § 1331 – 1332; and 28 U.S.C. § 1391(b) (2)
Brief description of cause:
Violation of Unfair Trade Practices and Consumer Protection Law and violation of Consumer Product Safety Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ 217,374.38
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 06/27/2016
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



## UNITED STATES DISTRICT COURT

**16 3571**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 863 Sherman Street, Allentown, PA 18109

Address of Defendant: 20035 E. Walnut Drive North, City of Industry, CA 91789

Place of Accident, Incident or Transaction: 863 Sherman Street, Allentown, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☑

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*
Shane Fulton, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/29/16   _____ Attorney-at-Law   316740 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/29/16   _____ Attorney-at-Law   316740 Attorney I.D.#

JUN 28 2016

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Saloum Ibrahim : CIVIL ACTION

v. :

Gree USA, Inc.; Gree USA Sales, Ltd.; Gree Electric Appliances, : NO. 16  3571

Inc.; Hong Kong Gree Electric Appliances Sales Co.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ☐

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ☐

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ☐

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ☐

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ☐

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ☑

| 6/28/2016 | *signature* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-283-1177 x 116 | 215-283-1188 | FultonS@StutmanLaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 28 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IBRAHIM SALOUM<br><br>    Plaintiff,<br>v.<br><br>GREE USA, INC.<br><br>and<br><br>GREE ELECTRIC APPLIANCES, INC. OF ZHUHAI<br><br>and<br><br>GREE USA SALES, LTD.<br><br>and<br><br>HONG KONG GREE ELECTRIC APPLIANCES SALES CO., LTD.<br><br>    Defendants. | No: _____<br><br>Civil Action – Law<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Ibrahim Saloum hereby brings this civil action against Defendants, Gree USA, Inc., Gree Electric Appliances, Inc., of Zhuhai, Gree USA Sales Ltd., and Hong Kong Gree Electric Appliances Sales Co. Ltd., (hereinafter collectively "Gree" and/or "Defendants") and hereby avers as follows:

## PARTIES

1. Plaintiff Ibrahim Saloum (hereinafter "Saloum" and/or "Plaintiff") is an adult individual residing at 863 Sherman Street, Allentown, PA 18109 (hereinafter "Subject Property").

2. Defendant, Gree USA, Inc. is a corporation authorized and existing pursuant to the laws of the State of California with a principal place of business located at 20035 E. Walnut Drive North, City of Industry, CA 91789 and at all times material hereto was in the business of selling and/or distributing electronic appliance products manufactured by Gree Electric Appliances, Inc. of Zhuhai.

3. Gree Electric Appliances, Inc. of Zhuhai is a corporation authorized and existing pursuant to the laws of China, with a principal place of business located at West Jinji Road, Qianshan, Zhuhai, Guangdong, China, 519070, and at all times material hereto was in the business of manufacturing electronic appliance products.

4. Upon information and belief, Defendant, Gree USA Sales, Ltd. is a corporation authorized and existing pursuant to the laws of the State of California 20035 E. Walnut Drive North, City of Industry, CA 91789 and at all times material hereto was in the business of selling and/or distributing electronic appliance products manufactured by Gree Electric Appliances, Inc.

5. Defendant, Hong Kong Gree Electric Appliances Sales Co., Ltd. is a corporation authorized and existing pursuant to the laws of China, with a principal place of business located at Room 2612, 26/F, Miramar Tower, 132 Nathan Road, Tsim Sha Tsui, Kowloon, Hong Kong, and at all times material hereto was in the business of selling and/or distributing electronic appliance products.

**JURISDICTION AND VENUE**

6. Jurisdiction is proper in the Eastern District of Pennsylvania pursuant to 42 Pa. U.S.C. § 1331 because this action arises from the Constitution, laws, or treaties of the United States.

7. Jurisdiction is proper in the Eastern District of Pennsylvania pursuant to 42 Pa. U.S.C. § 1332(a)(3) because the amount in controversy exceeds $75,000 and the parties are citizens of different states and citizens or subjects of a foreign state.

## VENUE

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) (2), as a substantial part of the events giving rise to the claim occurred and a substantial part of the property which is the subject of this action is situated in the Eastern District of Pennsylvania, at 863 Sherman Street, Allentown, PA.

9. Defendant, Gree USA, Inc. regularly conducts business in the Commonwealth of Pennsylvania and purposefully avails itself of the privileges of doing business in Pennsylvania, and this Honorable Court may exercise personal jurisdiction over this Defendant.

10. Upon information and belief, Defendant Gree USA Sales, Ltd. regularly conducts business in the Commonwealth of Pennsylvania and purposefully avails itself of the privileges of doing business in Pennsylvania, and this Honorable Court may exercise personal jurisdiction over this Defendant.

11. Gree Electric Appliances, Inc. purposefully avails itself of the privileges of doing business in the Commonwealth of Pennsylvania, and this Honorable Court may exercise personal jurisdiction over this Defendant.

12. Hong Kong Gree Electric Appliances Sales Co. purposefully avails itself of the privileges of doing business in Pennsylvania, and this Honorable Court may exercise personal jurisdiction over this Defendant.

## FACTS

13. Prior to August 23, 2016, Saloum purchased a dehumidifier branded as "SoleusAir" and manufactured by Gree Electric Appliances, Inc. of Zhuhai (hereinafter "Subject Dehumidifier").

14. Prior to August 23, 2016, Saloum used the Subject Dehumidifier at the Subject Property, a residential dwelling.

15. The Subject Dehumidifier was one of 12 brands of Gree dehumidifiers subject to a recall announced in 2013 as a result of serious fire and burn hazards (hereinafter "Recall").

16. The Recall was expanded in January of 2014 to include GE brand dehumidifiers.

17. The Recall was reannounced in May of 2014 due to additional reports of fire and property damage.

18. From January 2005 to August 2013, Gree sold approximately 2.5 million dehumidifiers under various brand names in the United States, and said dehumidifiers were defective because they could and did overheat and catch fire, thereby causing significant property damage to consumers' homes. [See Statement of Marietta S. Robinson, Commissioner of the United States Consumer Product Safety Commission ("CPSC"), attached hereto as Exhibit "A."]

19. Gree first received reports of the fire hazards inherent in the dehumidifiers encompassed by the Subject Recall in July of 2012 but failed to file a timely report to the CPSC as required by Sections 15(b)(3) and (4) of the CPSA (15 U.S.C.A. § 2064). [See Exhibit "B."]

20. In regards to the dehumidifiers subject to the Recall, Gree made unauthorized use of the Underwriters Laboratories ("UL") certification mark despite the fact that it knew that the

dehumidifiers subject to the Recall did not comply with the applicable UL flammability standards.

21. Although Gree knew that the dehumidifiers subject to the Recall were not compliant with UL flammability standards, Gree sold, offered for sale, distributed in commerce, and imported the dehumidifiers bearing the UL mark.

22. Gree made material misrepresentations to CPSC staff by stating that the dehumidifiers subject to the Recall were compliant with UL standards.

23. Gree did not notify the CPSC about the defects and noncompliance of its dehumidifiers until March of 2013.

24. As a result of the foregoing, on March 25, 2016, CPSC's Office of General Counsel obtained provisionally-accepted maximum penalty for each violation alleged by the CPSC, and Gree agreed to pay a civil monetary penalty of $15,450,000 and implement a compliance program.

25. On August 23, 2014, a fire originating in the Subject Dehumidifier owned by Saloum was caused to occur (hereinafter "Fire").

26. As a direct, proximate, and foreseeable result of the manufacture and sale of the defective Subject Dehumidifier, a fire spread throughout the Subject Property and caused significant damage to the Subject Property and its contents.

27. As a result of the Defendants' acts and omissions, Plaintiff was caused to suffer losses and damages in excess of $75,000, including destruction of property, debris removal, clean up/board up and emergency expenses, and other incidental costs associated with recovering from the fire.

## COUNT I – (PLAINTIFF V. ALL DEFENDANTS)
## VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, et seq.

28. Plaintiff hereby incorporates the averments contained in the preceding paragraphs as though fully set forth herein at length.

29. At all times material hereto, Defendants acted individually, together, and/or through their subsidiaries, affiliated companies, agents, servants, employees, and/or subcontractors, thereby being vicariously and/or otherwise liable for their actions.

30. Plaintiffs constitute a "person" as defined in 73 P.S. § 201-2(2).

31. The transaction which is the subject of this Complaint, the purchase of the Subject Dehumidifier by Saloum, constitutes "trade" and/or "commerce" as defined in 73 P.S. §201-2(3).

32. Gree intentionally, recklessly and/or negligently misrepresented, represented by omission, and misled Plaintiff by failing to provide Plaintiff with information regarding the Subject Dehumidifier, including, *inter alia*:

   a. the dehumidifiers encompassed by the Subject Recall, including the Subject Dehumidifier, did not comply with the applicable UL flammability standards;

   b. the dehumidifiers encompassed by the Subject Recall, including the Subject Dehumidifier, had a propensity for overheating;

   c. the dehumidifiers encompassed by the Subject Recall, including the Subject Dehumidifier, had a propensity for starting fires.

   d. the dehumidifiers encompassed by the Subject Recall, including the Subject Dehumidifier, were not fit for their intended use within residential dwellings.

33. Gree engaged in unfair and/or deceptive acts and practices, in violation of the Unfair Trade Practices and Consumer Protection law as defined by 73 P.S. § 201-2(4)(xxi).

34. Gree engaged in the following fraudulent and/or deceptive conduct with regard to the sale of the Subject Dehumidifier to Saloum:

   a. Gree first received reports of the fire hazards inherent in the dehumidifiers encompassed by the Subject Recall in July of 2012 but failed to file a timely report to the CPSC as required by Sections 15(b)(3) and (4) of the CPSA (15 U.S.C.A. § 2064).

   b. Gree made unauthorized use of the UL certification mark despite the fact that it knew that the dehumidifiers encompassed by the Subject Recall did not comply with the applicable UL flammability standards.

   c. Although Gree knew that the dehumidifiers encompassed by the Subject Recall were not compliant with UL flammability standards, Gree sold, offered for sale, distributed in commerce, and imported the dehumidifiers bearing the UL mark.

   d. Gree made material misrepresentations to CPSC staff by stating that the dehumidifiers encompassed by the Subject Recall were compliant with UL standards.

35. Saloum justifiably relied upon the representations of Gree in deciding to purchase the Subject Dehumidifier.

36. Saloum, relying on the representations and representations by omission of Gree, believed that the Subject Dehumidifier was safe and suitable for its intended use and proceeded to pay for the Subject Dehumidifier.

37. Gree knew or should have known that Saloum and other similarly situated consumers relied upon Gree to adequately inform them about the Subject Dehumidifier and its fitness for use in a residential dwelling.

38. Gree's conduct created a likelihood of confusion and/or misunderstanding regarding the defective nature of the Subject Dehumidifier and its suitability for use in a residential dwelling.

39. In failing to advise Saloum of the defective nature of the Subject Dehumidifier, Gree created the likelihood that Saloum would misunderstand the quality of the product and believe that the Subject Dehumidifier was suitable for residential use without concern for catastrophic fires.

40. The defects inherent in the Subject Dehumidifier, including, *inter alia*, its propensity for overheating and causing fire, were material to the purchase of the Subject Dehumidifier by Plaintiffs.

41. Gree's conduct constitutes misrepresentation, fraud, and deceit, in that Gree knowingly, willingly, and/or recklessly made false and misleading representations and made misleading omissions about the Subject Dehumidifier.

42. Plaintiff is entitled to assert a private cause of action under the Unfair Trade Practices and Consumer Protection Law pursuant to 73 P.S. § 201-9.2 because it purchased the Subject Dehumidifier and suffered an ascertainable loss of money and property as a result of Gree's actions and omissions as described above.

43. Gree's conduct was outrageous, malicious, willful, wanton and was intended to deceive Plaintiffs to Gree's financial gain, thereby warranting an award of treble damages pursuant to 73 P.S. § 201-9.2.

44. As a result of Gree's acts and omissions, Plaintiff was caused to suffer losses and damages in excess of $75,000, including destruction of property, debris removal, clean up/board up and emergency expenses, and other incidental costs associated with recovering from the fire.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and against Defendants in an amount in excess of $75,000, and award litigation costs, attorneys' fees, treble damages, and grant them such other relief as this Court deems appropriate.

### COUNT II - (PLAINTIFF V. ALL DEFENDANTS)
### VIOLATION OF CONSUMER PRODUCT SAFETY ACT, 15 U.S.C.A. § 2051, et seq.

45. Plaintiff hereby incorporates the averments contained in the preceding paragraphs as though fully set forth herein at length.

46. At all times material hereto, Defendants acted individually, together, and/or through their subsidiaries, affiliated companies, agents, servants, employees, and/or subcontractors, thereby being vicariously and/or otherwise liable for their actions.

47. The Subject Dehumidifier constitutes a "consumer product" as defined in 15 U.S.C.A. § 2052.

48. The Subject Dehumidifier was "distributed in commerce" as that term is defined in 15 U.S.C.A. § 2052.

49. In July 2012, the Defendants received reports of smoking, sparking and fires involving the dehumidifiers subject to the Recall.

50. Despite having information supporting the conclusion of a defect or the creation of an unreasonable risk of serious injury or death associated with the dehumidifiers subject to the Recall, the Defendants failed to notify the CPSC of such defect or risk, as required by sections 15(b)(3) and (4) of the CPSA, 15 U.S.C.A. §§ 2064(b)(3) and (4).

51. Because the information possessed by the Defendants constituted actual and presumed knowledge, the Defendants knowingly violated section 19(a)(4) of the CPSA, 15 U.S.C.A. § 2068(a)(4), as the term "knowingly" is defined in section 20(d) of the CPSA, 15 U.S.C. 15 U.S.C.A. §2069(d).

52. Although Gree knew that the Dehumidifiers subject to the Recall were not compliant with UL flammability standards, Gree sold, offered for sale, distributed in commerce, and imported the dehumidifiers bearing the UL mark.

53. The UL mark is a registered safety certification mark owned by UL, which is an accredited conformity assessment body.

54. Because the Defendants knew, or should have known, that the sale, offer for sale, distribution, and importation of dehumidifiers that were not compliant with UL standards was not authorized by UL, the Defendants knowingly violated section 19(a)(12) of the CPSA, 15 U.S.C. § 2068(a)(12), as the term "knowingly" is defined in section 20(d) of the CPSA, 15 U.S.C.A. § 2069(d).

55. Gree made material misrepresentations to CPSC staff that the dehumidifiers met UL flammability standards, knowing such representations to be false.

56. Gree also made material misrepresentations to CPSC staff concerning the date when Gree became aware that the dehumidifiers were not compliant with UL standards, knowing such representations to be false.

57. By knowingly making material misrepresentations to Consumer Product Safety Commission staff during the course of an investigation, Gree knowingly violated section 19(a)(13) of the CPSA, 15 U.S.C. §2068(a)(13), as the term "knowingly" is defined in section 20(d) of the CPSA , 15 U.S.C. § 2069(d).

58. As a result of the Defendants' violations of Consumer Product Safety Act rules, Plaintiff was caused to suffer losses and damages in excess of $75,000, including destruction of property, debris removal, clean up/board up and emergency expenses, and other incidental costs associated with recovering from the fire.